IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISMAEL H. PADILLA, 356764, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-CV-4518-P |
| ) | |
| WILLIAM STEPHENS, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Type of Case:**

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:**

Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is William Stephens, Director of the TDCJ-CID.

**Statement of the Case:**

In 1983, Petitioner was convicted of aggravated robbery with a deadly weapon, cause number F83-88766, and aggravated rape, cause number F82-90756, in Dallas County, Texas.

Petitioner has filed multiple federal habeas petitions. His first federal challenge to the aggravated robbery conviction was denied. *See Padilla v. Johnson*, No. 3:90-CV-1359-D (N.D. Tex. Oct. 24, 1991). His second challenge was transferred to the Fifth Circuit as successive, and a certificate of appealability was denied. *See Padilla v. Thaler*, No. 3:12-CV-485-L (N.D. Tex. Mar. 16, 2012), COA denied, No. 12-10384 (5th Cir. Aug. 31, 2012). A third habeas challenge was dismissed. *See Padilla v. Thaler*, No. 13:-CV-1855-N, 2013 WL 3283725 (N.D. Tex. June 28, 2013). A fourth challenge was transferred to the Fifth Circuit as successive. *See Padilla v. Stephens*, No. 3:13-CV-2273-L.

Petitioner has also filed multiple federal petitions challenging his rape conviction. His first challenge to this conviction was dismissed for lack of subject matter jurisdiction because he is no longer in custody for this offense. *See Padilla v. Thaler*, No. 3:12-CV-2160-M, 2013 WL 2479705 (N.D. Tex. June 10, 2013). His second challenge to this conviction was dismissed. *See Padilla v. Thaler*, No. 3:13-CV-1855-N, 2013 WL 3283725 (N.D. Tex. June 28, 2013). His third challenge was also dismissed for lack of subject matter jurisdiction. *See Padilla v. Stephens*, No. 3:13-CV-2273-L (N.D. Tex. July 24, 2013).

In the instant petition, Petitioner argues: (1) he is being forced to serve uncharged sentences for the same offenses; (2) he is entitled to receive effective assistance of counsel for DNA testing; and (3) he was wrongfully convicted.

**Discussion:**

**1.      Robbery Conviction**

Petitioner has previously raised the challenges to his robbery conviction that he raises in this case. *See Padilla v. Stephens*, No. 3:13-CV-2273-L (N.D. Tex.). The Antiterrorism and

Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. This claim should therefore be transferred to the Fifth Circuit as successive.

**2.     Rape Conviction**

A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . . in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A petitioner satisfies the "in custody" requirement when the challenged conviction has not fully expired at the time he files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). A petitioner is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Id*.

Petitioner is no longer in custody on his 1983 rape conviction. His twenty-year sentence was discharged on August 31, 2003. *See Padilla v. Thaler*, No. 3:12-CV-2160-M. As a result, he cannot bring a federal habeas action based solely on his 1983 conviction. This claim should be dismissed for lack of subject matter jurisdiction.

## RECOMMENDATION:

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that: (1) Petitioner's claims regarding his robbery conviction be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); and (2) Petitioner's claims regarding his rape conviction be dismissed for lack of subject matter jurisdiction.

Signed this 4th day of February, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).